## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.   **JANICE K. CLARK,**            ) | |
|                                      ) | |
|        **Plaintiff,**                ) | |
| **v.**                               )   **CIV-18-** 214-W |
|                                      ) | |
| 1.   **INTEGRIS HEALTH, INC. d/b/a**  ) | |
| **CORPORATE INTEGRIS HEALTH,** ) | |
|                                      )   **JURY TRIAL DEMANDED** |
|        **Defendant.**                )   **ATTORNEY LIEN CLAIMED** |

### COMPLAINT

**COMES NOW** the Plaintiff, Janice K. Clark, and for her Complaint in the above-entitled action, alleges and states as follows:

### PARTIES

1.      Plaintiff, Janice K. Clark, is an adult female resident of Oklahoma County, Oklahoma.

2.      Defendant, Integris Health, Inc. d/b/a Corporate Integris Health, is an entity doing business in and around Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3.      This cause of action arises out of Plaintiff's former employment with Defendant and is based on Plaintiff's claim of age discrimination in violation of the Age Discrimination in Employment Act ("ADEA").

4.      Jurisdiction over Plaintiff's federal cause of action is vested in this Court under 28 U.S.C. § 1331.

5.      Plaintiff exhausted her administrative remedies as to the above-listed claim by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about August 10, 2017.  Plaintiff received her Dismissal and Notice of Rights letter from the EEOC dated February 12, 2018 (received by Plaintiff by mail

1

thereafter) and has timely filed this action within ninety (90) days of receipt of the notice of right to sue.

6.     Defendant is located in Oklahoma County, and all acts complained of occurred in or around Oklahoma County.  Oklahoma County is located within the Western District of the United States District Court of Oklahoma.  Thus, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

7.     Plaintiff was born in April 1948, making her over age 40 at all times relevant hereto.

8.     Plaintiff initially began her employment with Defendant as a Staff Registered Nurse ("RN") on or about November 17, 2001.  She was promoted thereafter to a Second Floor Team Manager RN position, which she held for the remainder of her employment, until her wrongful termination on or about March 24, 2017.

9.     Throughout her lengthy tenure (nearly 16 years), Plaintiff was a satisfactory or better employee.  In addition to being promoted, Plaintiff received positive performance evaluations, as well as merit pay increases.  And, at no time prior to her termination was she written up or otherwise disciplined.

10.     Despite her stellar work record, Clinical Director Natasha Flurry, believed to be in her 30s, fired Plaintiff on or about March 24, 2017.  Flurry claimed the reason Plaintiff was terminated was that Plaintiff allegedly violated Defendant's solicitation policy by selling a book (a memoir Plaintiff published) to a patient.  However, the stated basis for Plaintiff's termination is pretext.

11.     Plaintiff published a memoir in or around 2015.  Her co-workers and supervisors were aware of its publishing and some had purchased the book.

2

12.     On or about March 24, 2017, a patient discovered Plaintiff had written a memoir and asked to purchase a copy.  Plaintiff offered a free copy of the book to the patient, but the patient insisted on purchasing a copy, asking that Plaintiff also write her a personal note.  As such, per the patient's request, Plaintiff sold the book to the patient.

13.     Plaintiff did not violate Defendant's solicitation policy.

14.     The policy defines solicitation as any advertisement; any request for the donation of money, goods, services or time; the posting or distribution of literature or other materials, including the electronic distribution through Defendant's information technology systems; or any call to action, made verbally or in writing.  Plaintiff did not engage in any such acts.

15.     Conversely, many significantly younger employees actually violated the solicitation policy, advertising in the workplace various products or services they or their family sold.  Yet, they were not terminated or otherwise disciplined.  And, significantly younger employees also committed more serious policy violations, including violations which placed patients' health and safety at risk.  Yet, they were not terminated.

16.     Defendant also had a progressive disciplinary policy in place, which Flurry did not follow in terminating Plaintiff.

17.     Moreover, Flurry and other managers often made age-biased comments.

18.     By way of example, Flurry referred to the second floor as the "retirement age floor" – a floor where the majority of the RNs, including Plaintiff, were over age 60.   And, Clinical Nurse Manager Monica Gregory, who reported directly to Flurry, called Plaintiff and other nurses the "old nurses on the second floor."

19.     Flurry also had a history of hiring significantly younger individuals for nursing positions after she became the Clinical Director in or around 2015.  She terminated at least

two other employees over age 40.  And, upon information and belief, Plaintiff was replaced by a significantly younger individual.

20.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered the injuries described below.

## COUNT I:  ADEA - Discrimination

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

21.     The matters alleged above constitute violations of the ADEA in the form of age discrimination.

22.     Plaintiff is entitled to relief under the ADEA for age discrimination because at all relevant times hereto, Plaintiff was over age forty (40), and Plaintiff has presented direct evidence of age discrimination.

23.     Plaintiff is further entitled to relief under the ADEA because, at all times relevant hereto, Plaintiff was over age forty (40), was qualified for her job, was discharged, and her position was not eliminated after her termination.  Moreover, upon information and belief she was replaced by a significantly younger individual.

24.     As damages, Plaintiff has suffered lost earnings, past and future, and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.  Plaintiff is also entitled to liquidated damages based upon Defendant's willful misconduct.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in favor of the Plaintiff and against Defendant and award compensatory damages, wage loss (including back pay and front pay), emotional distress damages, punitive damages, liquidated damages together with any appropriate equitable relief, pre- and post-judgment interest, costs and

attorney's fees, and all other damages recoverable as to the above-listed claims.

Respectfully submitted this <u>8th</u> day of March, 2018.

s/ Jana B. Leonard
**JANA B. LEONARD, OBA #17844**
**LAUREN W. JOHNSTON, OBA #22341**
**SHANNON C. HAUPT, OBA #18922**
**LEONARD & ASSOCIATES, P.L.L.C.**
**8265 S. Walker**
**Oklahoma City, Oklahoma 73139**
**(405) 239-3800 (telephone)**
**(405) 239-3801 (facsimile)**
**leonardjb@leonardlaw.net**
**johnstonlw@leonardlaw.net**
**haupts@leonardlaw.net**